No. 3840

Second Circuit

———

THE TRIANGLE MACHINE CO., INC., v. GARDNER

———

(February 26, 1931. Opinion and Decree.)

———

A. S. Drew, of Minden, attorney for plaintiff, appellee.

Mabry & Carstarphen, of Shreveport, attorneys for defendant, appellant.

WEBB, J. In September, 1928, defendant delivered to plaintiff two secondhand outboard motors to be repaired, and plaintiff returned same to defendant in October, 1928. The bill for repairs of one of the motors amounted to $90.78, and on the other $283.23; defendant had paid $100 in advance, which was credited on the bill of $283.23, and the present action was brought to recover the balance due on the bills.

In answer, defendant admitted that the work done on one of the motors for which the bill of $90.78 was rendered was satisfactory. He alleged, however, that the payment previously made of $100 should have been applied on that bill, and that the work done on the other motor was unsatisfactory, in that plaintiff had failed to place the motor in running order. Defendant further alleged that he had been forced to employ other mechanics at an expense of $15 to place the motor in running condition, and that plaintiff had kept the motor for an unreasonable time before returning same, with the knowledge that the motor was to be used on a ferryboat operated by defendant, that, due to the delay, defendant had sustained losses amounting to $250 and he was entitled to recover judgment in reconvention against plaintiff for the expense incurred in employing other mechanics, and for the losses alleged to have been sustained; praying that plaintiff's demands be rejected and for judgment in reconvention for the expenses alleged to have been incurred and losses sustained.

On trial, plaintiff was awarded judgment for the amount claimed, and defendant's reconventional demand was rejected, from which judgment defendant appeals.

The evidence does not show that there was any agreement between the parties relative to the work which would be done on the motor, which defendant asserts was not placed in running order, or that there was any time fixed within which the work should be completed. Plaintiff introduced evidence showing the correctness of the charges for the work which had been done, and showing further that the advance payment had been applied by plaintiff on the bill of $283.23, to the knowledge of defendant, and that defendant had after that time written plaintiff that he would attend to the bill as soon as he was able.

The claim for damages alleged to have resulted from the delay is clearly an afterthought; it is not supported by the evidence or shown that the parties contemplated plaintiff would be responsible for any losses sustained by defendant by reason of his inability to operate the ferry, and, the evidence showing the correctness of the charges, the acceptance by defendant of the work without any complaint, and that he promised to pay the bill as soon as he was able, plaintiff was entitled to recover the full amount claimed without any deductions, unless for the expense incurred by defendant in having other mechanics work on the motor.

As stated, there was not any agreement relative to the work which should be done, but there was, we think, an implied obligation that plaintiff would place the motor in good running condition, and, the evidence showing that the motor required some adjustment after it was delivered to defendant to place it in such condition, the amount expended by defendant

for such purpose should have been allowed in reconvention or deducted from the amount of the bill, and the judgment will be amended accordingly.

It is therefore ordered that the judgment appealed from be amended and the amount of the award reduced from $274 to $259, and, as thus amended, the judgment is affirmed; appellee to pay cost of appeal.

DREW, J., recused.